ILLINOIS BELL TELEPHONE COMPANY, Plaintiff-Appellant, *v.* SEYMOUR ZABAN *et al.*, Comm'rs of Board of Appeals of Cook County, *et al.*, Defendants-Appellees.

First District (3rd Division)   No. 81—411

Opinion filed August 11, 1982.—Rehearing denied November 29, 1982.

James R. Bryant, Jr., Robert Guritz, Michael J. Karson, and John T. Lenahan, all of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Jane Clark Casey and Thomas J. McNulty, Assistant State's Attorneys, of counsel), for appellees.

JUSTICE McGILLICUDDY delivered the opinion of the court:

Illinois Bell Telephone Company (Illinois Bell), the plaintiff, filed an amended petition seeking issuance of a common law writ of *certiorari* to the Board of Appeals of Cook County, Illinois, for judicial review of the Board's 1978 assessment of Illinois Bell's personal property. The defendants, Seymour Zaban and Harry H. Semrow, the duly elected commissioners of the Board of Appeals of Cook County, Illinois (Board of Appeals), and Edward J. Rosewell, county collector of Cook County, made several motions to dismiss the petition and to strike certain paragraphs therein. After the motions were denied, the plaintiff filed a motion requesting the court to issue the writ. The defendants responded to the plaintiff's motion and renewed their motion to dismiss. In reliance on the recent opinion of *Illinois Bell Telephone Co. v. Rosewell* (1980), 82 Ill. App. 3d 975, 403 N.E.2d 662, *appeal denied* (1980), 81 Ill. 2d 602, the trial court denied the plaintiff's motion for issuance of the writ and granted the defendants' motion to dismiss the petition. The plaintiff appeals.

The issues presented for review are: (1) whether the plaintiff's amended petition stated a cause of action; (2) whether the dismissal of the plaintiff's petition was proper; and (3) whether the trial court should have issued the writ of *certiorari*.

The plaintiff's amended petition alleged that the Cook County assessor rejected the property values reported by the plaintiff on its 1978 personal property tax return. The assessor increased the values of the plaintiff's personal property located in Cook County suburban townships by multiplying the plaintiff's returned values by the 1977 county equalization factor of 1.4153. The city personal property values were determined by the assessor to be the value of that property in 1976 increased by the 1977 Cook County multiplier. When the plaintiff filed complaints with the Board of Appeals, the Board upheld the assessor's values for property located in the suburban townships but reduced the values for property located in the city townships to an amount based upon the plaintiff's values on its 1978 tax return in-

creased by the 1977 Cook County equalization factor. The plaintiff alleges that the resulting assessments were excessive and in violation of the rules and regulations of the county assessor's office and the Board of Appeals. The plaintiff further alleges that the Board illegally failed to adjust the plaintiff's 1978 property assessments so that after application of the county multiplier, the equalized assessed value of the plaintiff's personal property would not have been in excess of the statutory limit of 33⅓% of the properties' fair cash values (see Ill. Rev. Stat. 1977, ch. 120, pars. 502, 627).

The defendants' renewed motion to dismiss the plaintiff's petition argued that the petition was predicated upon the plaintiff's right to have its personal property debased to allow for the county multiplier. The defendants contended that Illinois Bell made this same claim with regard to its 1977 personal property tax liability in *Illinois Bell Telephone Co. v. Rosewell* and that this court rejected Illinois Bell's debasement argument. The defendants reasoned that since the relief Illinois Bell sought in its present action was held improper in the prior case, the petition for issuance of a writ of *certiorari* should be denied.

The trial court agreed with the defendants and dismissed the plaintiff's action. Included in its order of dismissal were the following paragraphs:

"6. This Court, having considered the above-referenced allegations of the Petition for Writ of Certiorari and having taken judicial notice of the evidence elicited during proceedings before the Court in *Illinois Bell Telephone Company v. Rosewell* ***, that Illinois Bell debased the unit values included in its 1977 personal property tax returns in the amount of the multiplier, FINDS that Illinois Bell Telephone Company unilaterally debased the unit values included in its 1978 Cook County personal property tax returns in the amount of the multiplier.

7. The Appellate Court, in *Illinois Bell Telephone Company v. Rosewell* *** rejected '***' plaintiff's practice of unilaterally debasing its personal property in order to allow for the multiplier,' [(]403 N.E.2d 662, 666), and this Court, whether it is in agreement or not, is mandated to follow the Appellate Court's opinion."

Illinois Bell argues in the instant appeal that the trial court's ruling on the defendants' motion to dismiss was improper because the trial court erroneously took judicial notice of evidence elicited in *Rosewell* and because the trial court's reliance on *Rosewell* was misplaced.

The subject of litigation in *Rosewell* was Illinois Bell's 1977 personal property tax assessment. The parties disputed the assessed val-

uation of Illinois Bell's property located in Chicago. Illinois Bell initially valued the property at an amount that was approximately $15 million less than the 1976 valuation and subsequently submitted a revised schedule wherein it further reduced the value of its Chicago personal property by $63 million. The assessor rejected Illinois Bell's figures and relied upon the 1976 value for that property. The trial judge, who was also the trial judge in the instant case, held that the assessor's action was arbitrary and amounted to constructive fraud. This court in *Rosewell* rejected Illinois Bell's contentions of excessive valuation and constructive fraud and reversed the trial court. This court also rejected Illinois Bell's argument in support of its reduced valuation figures, noting that Illinois Bell's own records showed that its personal property had an actual cash value of over $200 million more than what was reported on its revised 1977 tax return. The court stated:

> "Plaintiff attempts to justify this discrepancy by arguing that the personal property values must be debased in order to allow for the multiplier which is ultimately applied to both real and personal property valuations. Failure to make an allowance for the multiplier, plaintiff contends, results in its personal property being taxed at a higher level than the statutory maximum. We note that this same argument was raised before the Illinois Supreme Court *** and rejected. We therefore reject plaintiff's practice of unilaterally debasing its personal property in order to allow for the multiplier." 82 Ill. App. 3d 975, 979-80, 403 N.E.2d 662, 666.

In the case at bar, the underlying basis for Illinois Bell's petition is Illinois Bell's belief that the value of its personal property should be adjusted or debased to compensate for the application of the county multiplier. As this theory of debasement was specifically rejected in *Rosewell*, we believe that Illinois Bell's cause of action was without legal support and that the trial court properly dismissed Illinois Bell's petition.

In view of our holding, we find it unnecessary to address the other issues raised in this appeal.

For the foregoing reasons, the order of the circuit court of Cook County is affirmed.

Affirmed.

WHITE, P.J., and McNAMARA, J., concur.